IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-HC-2191-H

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JUAN NOEL MELENDEZ, ) | |
| ) | |
| Respondent. ) | |

This matter is before the undersigned upon petitioner's: (1) motion for an extension of time to serve its initial disclosures upon the court appointed expert (DE-9); and (2) motion to reconsider (DE-11). Respondent does not oppose the request for an extension of time (DE-9, p. 2), and "takes no position concerning the relief requested" in petitioner's motion to reconsider (DE-11, p. 4). Accordingly, these motions are now ripe for adjudication.

The United States initiated this action on September 8, 2014, seeking to civilly commit respondent as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247-4248 ("Adam Walsh Act"). (DE-1). On September 9, 2014, the court selected Dr. Richard

Wollert as a court appointed examiner. September 9, 2014 Order (DE-6). Petitioner now requests that the court vacate the order appointing Dr. Wollert and appoint another examiner in his stead. Mot. (DE-11), p. 1.

In support of this motion, petitioner notes that Dr. Wollert was previously appointed as an examiner in United States v. Woods, No. 5:12-HC-2091-D. Dr. Wollert is the author of the MATS-1 actuarial instrument. Id. at p. 1. In Woods, Petitioner filed a motion *in limine*, pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), to exclude all testimony regarding the MATS-1. Id. at p. 2. Ultimately, Chief Judge James C. Dever, III did not reach petitioner's Daubert motion, finding instead that Dr. Wollert's testimony was not credible, regardless of the validity of the MATS-1. Id. Specifically, Chief Judge Dever described Dr. Wollert's opinions as "incredible", "unhelpful", and "unpersuasive." Id. Chief Judge Dever also stated that Dr. Wollert's testimony was "so incredible and unpersuasive," that he "found the balance of his testimony to be totally unhelpful and unpersuasive." Id. In addition, Chief Judge Dever noted that "Dr. Wollert's report and opinions . . . provided little assistance to the Court in making its determination on the ultimate issues in this case." Id. Finally, Dr. Wollert submitted invoices totaling $45,675.00

2

for his work on the Woods case. Id. at p. 3. Chief Judge Dever found this fee to be unreasonable and reduced Dr. Wollert's fee to $18,255.97. Id.

In light of this background, petitioner now "respectfully submits that the Court should reconsider its selection of Dr. Wollert as the court-appointed examiner in this case." Id. at p. 3. Petitioner contends that Dr. Wollert's selection will necessitate the re-litigation of petitioner's Daubert motion. Id. Moreover, petitioner also argues that "in light of the judicial determinations made by [Chief Judge Dever] in the Woods case, Dr. Wollert's credibility as an expert has been compromised." Id.

The undersigned is not bound by the findings of Chief Judge Dever in Woods, and makes no specific findings as to Dr. Wollert's credibility as an expert witness. However, respondent has proffered no objection to this request. Moreover, respondent will not be prejudiced by the appointment of a new expert at this early stage of the proceedings. Therefore, in the interest of judicial economy, petitioner's motion to reconsider (DE-11) is ALLOWED. The court vacates the September 9, 2014 order appointing Dr. Wollert. A new expert will be appointed by the court in a separate order. In light of this

determination, petitioner's motion for an extension of time (DE-9)is DENIED AS MOOT.

This 12th day of September 2014.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC